UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CESAR CANO-ORTEGA,

        Petitioner,

  v.

SAMUEL OLSON, KRISTI NOEM,
PAMELA BONDI, TODD M. LYONS
and SCOTT SMITH,

        Respondents.

Case No. 25-cv-1919-pp

---

## ORDER SCREENING PETITION (DKT. NO. 1)

---

Following his arrest by the Department of Homeland Security at the Milwaukee Field Office (where he had appeared for an appointment with Immigration and Customs Enforcement), petitioner Cesar Cano-Ortega, who currently is detained in the Dodge County Detention Center, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1 at 2. The petitioner has been charged with entering the United States without inspection and failing to possess a valid entry document in violation of 8 U.S.C. §1182(a)(6)(A)(i). The petitioner argues that his detention violates the Immigration and Nationality Act (INA) because 8 U.S.C. §1225(b)(2) does not apply to individuals, like the petitioner, who entered the United States three years ago and were apprehended hundreds of miles away from any border or port entry. He argues that such individuals are subject to discretionary detention under 8 U.S.C. §1226(a), which allows for release on conditional

1

parole or bond. Id. at 3. Because the petitioner has paid the $5 filing fee, the court will screen the petition under Rule 4 of the Rules Governing §2254 Cases and will order the respondents to respond to the petitioner's brief.

I. **Legal Standard**

Under Rule 4 of the Rules Governing § 2254 Cases, the court first reviews and screens the petition. See Rule 1(b), Rules Governing §2254 Cases (applying "any or all of these rules to a habeas corpus petition not covered" by §2254); Civil Local Rule 9(a)(2) (E.D. Wis.). As part of the screening process, the court will dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4, Rules Governing §2254 Cases.

II. **§2241 Petition**

According to the petition, the petitioner is a citizen of Nicaragua who has resided in the United States since November 27, 2022. Dkt. No. 1 at ¶16. He has been living in Green Bay, Wisconsin and worked for a company called Sanimax. Id. at ¶22. The petitioner alleges that he fled the political violence in Nicaragua, his wife joined him after entering the country on advance parole in 2023 and his son was born in July 2025. Id. at ¶23. He was arrested on October 17, 2025 at a routine check-in appointment at the ICE field office and placed in removal proceedings. Id. at ¶24. The petitioner alleges that he is eligible for asylum because of a well-founded fear of political persecution as an opponent of the Ortega regime, and that he was waiting for an interview on a previously filed application. Id. at ¶25. The Chicago Immigration Court denied

2

his motion for bond on November 5, 2025, citing a lack of jurisdiction. Id. at ¶26.

The petitioner alleges that he remains in custody under a DHS policy that interprets 8 U.S.C. §1225 as requiring mandatory detention. Id. at ¶29. The petitioner asserts that there are no administrative remedies that he can exhaust. Id. The Board of Immigration Appeals has held that an immigration judge has no authority to consider bond requests for any person who is present the United States "without admission" and that such individuals are subject to mandatory detention under 8 U.S.C. §1225(b)(2)(A). Id. (citing Matter of Hurtado, 29 I. & N. Dec. 216 (BIA 2025); ¶41.

The petitioner argues that his detention is not authorized under §1225(b)(2) because that section applies only "to recently arrived noncitizens seeking admission at a border or port of entry, not individuals who entered without inspection and were later detained inside the country." Id. at ¶60. The petitioner asserts that the warrant and notice of custody determination cited §1226(a), under which the grant of bond is a discretionary decision. Id. The petitioner explains that it wasn't until his bond hearing that the respondents cited §1225(b)(2), under which detention is mandatory. Id. at ¶61. He argues that he is entitled to a bond hearing and an individualized custody determination based on his risk of flight or dangerousness. Id. at ¶62. The petitioner also alleges a due process violation and asks the court to issue a writ of *habeas corpus* requiring his immediate release or to order the respondents to provide him with a bond hearing within fourteen days. Id. at 21. He asks the

3

court to enjoin the respondents from moving him outside the jurisdiction during the pendency of the petition, declare that the continued detention violates the INA and the due process clause and award him attorney fees under the Equal Access to Justice Act. Id. He has not filed a separate motion for injunctive relief.

**III.   Analysis**

A district court may grant a petitioner's request for a writ of *habeas corpus* if the petitioner demonstrates that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. §2241(c)(3). On this petition, the court cannot conclude that the petitioner is plainly not entitled to relief.

In the context of addressing a motion to stay pending appeal, the Seventh Circuit has implied that it was likely to reject the more expansive position taken by the government with respect to mandatory detention under §1225(b)(2)(A). See Castañon-Nava v. U.S. Dep't of Homeland Sec., No. 25-3050, 2025 WL 2552514, *8-10 (7th Cir. Dec. 11, 2025). The Seventh Circuit wrote that "the difference in treatment between a noncitizen at the border and one already in the United States fits within the broader context of our immigration law." Id. at *9. The Seventh Circuit drew a distinction between those seeking admission at the border (who do not need to be arrested because they are detained on arrival under §1225) and noncitizens who already are in the country and

4

subject to removal proceedings under §1226(a). Id. (citing Jennings v. Rodriguez, 583 U.S. 281, 288-289 (2018)).

Although the Seventh Circuit was assessing whether the applicant for a stay had made a strong showing of likelihood of success on the merits (meaning that that the ruling was not dispositive), several district courts in this circuit have followed the reasoning of Castañon-Nava, and have adopted the position taken by the petitioner. See, *e.g.*, Cruz v. Noem, Case No. 2025 WL 3720247, *4 (N.D. Ill. Dec. 23, 2025) (granting *habeas* petition filed by noncitizen who had been living in the United States for 11 years with no criminal record and who had been detained without a bond hearing after presenting for an immigration interview); Mejia Diaz v. Noem, Case No. 25-CV-960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (citing Castañon-Nava to support conclusion that §1225(b)(2) does not apply to noncitizens who are apprehended in the interior of the United States years after their unlawful entry); Juan Carolos Barrera Simon v. Sam Olson, Case No. 25 C 14799, 2025 WL 3567469, *5-7 (N.D. Ill. Dec. 13, 2025) (granting *habeas* petition filed by noncitizen who had been living in the United States for 23 years with no criminal record and who had been detained without a bond hearing under §1225). In the Eastern District of Wisconsin, courts have split on this issue. Compare Valverde v. Olson, Case No. 25-cv-1502-BBC (E.D. Wis. Oct. 29, 2025) and Alonso v. Olson *et al.*, Case No. 25-cv-1660-LA, 2025 WL 3240928, *3 (E.D. Wis. Nov. 20, 2025) with Ugarte-Arenas v.

5

Olson, Case No. 25-cv-1721-WCG, 2025 WL 3514451 (E.D. Wis. Dec. 8, 2025).

**IV. Conclusion**

The court **ORDERS** that the Clerk of Court must promptly serve a copy of the petition and this order upon the respondents under Rule 4 of the Rules Governing Section 2254 Cases and the Memorandum of Understanding.

The court further **ORDERS** that the respondents must answer the petition and respond to the petitioner's brief by the end of the day on **January 23, 2026**. If the petitioner intends to file a reply brief, he must do so within seven days of receiving the respondents' answer and brief in opposition.

Dated in Milwaukee, Wisconsin this 6th day of January, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**